■ In the Matter of PHILLIP WHITE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [770 NYS2d 811]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following an incident in which he engaged in a verbal exchange with a civilian cook while in the serving line at the prison where he was incarcerated, petitioner was charged in a misbehavior report with creating a disturbance, interfering with an employee, refusing a direct order and a mess hall serving and seating violation. Following a tier III disciplinary hearing, he was found guilty of all charges except refusing a direct order. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Various witnesses who were present in the mess hall testified that petitioner became disruptive when the cook who was serving spaghetti would not give him a larger portion. According to such witnesses, petitioner became loud and argumentative, causing the serving line to stop and other inmates to become restless. Such testimony provides substantial evidence supporting the determination of guilt (*see Matter of Johnson v Selsky*, 2 AD3d 958, 959 [2003]).

Petitioner's claim that he was deprived of a fair hearing also is unavailing. In order to prevail on such claim, petitioner must show that the Hearing Officer was biased and that the determination flowed from such bias (*see Matter of James v Goord*, 261 AD2d 733 [1999]). This he failed to do. There simply is nothing in the transcript to indicate that the Hearing Officer conducted himself in a biased or inappropriate manner and, as noted previously, the record as a whole more than supports the determination of guilt.

Finally, there is no merit to petitioner's attack upon the adequacy of his employee assistance. While petitioner contends that the employee assigned was not his first choice, he did not indicate a preference on the assistance form, and the assistant was one of the two individuals requested by petitioner. In any event, we do not find on the record before us that the assistance was inadequate or that petitioner was prejudiced thereby (*see Matter of Rodriguez v Goord*, 250 AD2d 905 [1998]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.