■ In the Matter of TYRONE WALKER, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [896 NYS2d 522]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 15, 2009 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While walking past petitioner's cell on August 17, 2008, a correction officer observed petitioner holding a note indicating that he would give $20 in exchange for cigarettes and matches. After reporting this to his supervisor, the officer passed by petitioner's cell the following day and again observed him holding the same note. On his second round that day, the officer stopped at petitioner's cell at which time petitioner gave him a $20 bill that had been enclosed in plastic wrap and concealed inside the waistband of a pair of pants. As a result, petitioner was charged in a misbehavior report with smuggling, extortion and possessing unauthorized property. He was found guilty of these charges following a tier III disciplinary hearing. The determination was upheld on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

Initially, we note that petitioner confines his challenge to procedural matters. He asserts that he was improperly denied the right to call the Superintendent of the correctional facility as a witness at the hearing to prove that the charge was made in retaliation for his prior conduct. As the Superintendent was not present at the time of the incident and was not shown to have relevant personal knowledge, however, his testimony was properly excluded (*see Matter of Moss v Goord*, 36 AD3d 977,

978 [2007]; *Matter of Flenon v Goord*, 24 AD3d 912 [2005], *lv denied* 6 NY3d 710 [2006]). Petitioner further contends that he was improperly denied certain documentary evidence consisting of, among other things, log book entries and a videotape of August 17, 2008. However, given that the incident occurred the following day, such documentation was also irrelevant to the charges (*see Matter of McIver v Goord*, 37 AD3d 943, 945 [2007]; *Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]). Contrary to petitioner's claim, there is nothing in the record to indicate that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias (*see Matter of Kirby v Leclaire*, 47 AD3d 1174, 1175 [2008]; *Matter of Harvey v Woods*, 56 AD3d 829, 830 [2008]). We have considered petitioner's remaining arguments, including his claim that he was denied adequate employee assistance, and find them to be unavailing. Accordingly, Supreme Court properly dismissed the petition.

Cardona, P.J., Peters, Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.