■ In the Matter of RASHAD REID, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondent. [911 NYS2d 492]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, received a misbehavior report charging him with engaging in gang activities after a correction officer witnessed him and other inmates appearing to pose while some exhibited gang hand signs, and then taking a group photograph in which petitioner wore gang-related colors and appeared to be "flagging" for the group with his hat while another made gang-related hand signs. A tier III disciplinary hearing was held, after which petitioner was found guilty. His administrative appeal was unavailing, prompting this CPLR article 78 proceeding.

We confirm. The misbehavior report and testimony of its author, a correction officer with extensive training in gang-activity recognition, along with the photographs themselves, provide substantial evidence to support the determination of guilt (*see Matter of Brown v Bezio*, 76 AD3d 741 [2010]; *Matter of Arriaga v Smith*, 70 AD3d 1160 [2010]). To the extent that the testimony of petitioner and his inmate witnesses contradicted that of the correction officer, this raised a question of credibility to be resolved by the Hearing Officer (*see Matter of Collins v Bezio*, 73 AD3d 1252 [2010]; *Matter of Wheeler-Whichard v Fischer*, 69 AD3d 1286, 1286 [2010]).

Turning to petitioner's procedural contentions, we find the misbehavior report was sufficiently detailed to give petitioner adequate notice of the charges against him (*see* 7 NYCRR 251-3.1; *Matter of Garraway v Fischer*, 70 AD3d 1153 [2010]; *Matter of Arnold v Fischer*, 60 AD3d 1177 [2009]). Petitioner's request

to call the facility superintendent was properly denied because there was no indication that he had direct knowledge of the events in question (*see Matter of Walker v Fischer*, 71 AD3d 1309 [2010], *appeal dismissed* 14 NY3d 912 [2010]). In addition, petitioner's request to call a correction officer who was in the yard at the time the picture was taken was untimely, inasmuch as it was not made until after the disposition had been rendered (*see Matter of Lane v Kirkpatrick*, 68 AD3d 1280, 1281 [2009]). Finally, a review of the record demonstrates that the determination of guilt was a result of the evidence presented, rather than any purported hearing officer bias (*see Matter of Sital v Fischer*, 73 AD3d 1348, 1349 [2010], *lv denied* 15 NY3d 707 [2010]).

Cardona, P.J., Spain, Rose, Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.