■ In the Matter of HAROLD TAYLOR, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [914 NYS2d 691]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered April 29, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While incarcerated at Clinton Correctional Facility in Clinton County, petitioner was charged in a misbehavior report with various disciplinary rule violations after he struck a correction officer with his fist. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Initially, inasmuch as the petition does not raise a question of substantial evidence, we find no merit to petitioner's claim that Supreme Court should have transferred the proceeding in the first instance (*see Matter of McKethan v Bezio*, 59 AD3d 762, 762 [2009], *lv denied* 12 NY3d 709 [2009]). As for petitioner's assertion that the disciplinary hearing was not commenced or completed in a timely matter, he failed to raise this objection at the hearing and has, therefore, failed to preserve it (*see Matter of Smith v Fischer*, 64 AD3d 1061, 1062 [2009], *lv denied* 13

NY3d 712 [2009]; *Matter of Rosario v Goord*, 25 AD3d 841, 842 [2006]). Furthermore, we are not persuaded that the administrative reversal of a prior disciplinary determination, which precipitated petitioner's transfer to Clinton Correctional Facility where he incurred the violations at issue, mandates administrative reversal of the disciplinary determination under review. Petitioner's remaining contentions have not been preserved and are not properly before us.

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.