■ In the Matter of WALTER COLEMAN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [928 NYS2d 153]—

While a female correction officer was making her rounds on petitioner's dorm, she heard heavy breathing coming from petitioner's cell and observed petitioner staring at her and making rapid movements with his hand under a blanket leading her to conclude that he was masturbating. She ordered petitioner to stay in his cell while she went to report the incident. Petitioner left his cell and approached the officer in the day room where he attempted to explain his conduct, at which point she directed him to return to his cell. Thereafter, petitioner was charged in a misbehavior report with engaging in lewd conduct and refusing a direct order. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report provides substantial evidence supporting the determination of guilt (*see Matter of Darshan v Bango*, 83 AD3d 1302 [2011]; *Matter of Johnson v Goord*, 42 AD3d 626, 627 [2007]). Petitioner's denial of the charges and claim that the misbehavior report was fabricated presented a credibility issue for the Hearing Officer to resolve (*see Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d 714 [2010]; *Matter of Sital v Fischer*, 72 AD3d 1306, 1307 [2010], *lv dismissed* 15 NY3d 823 [2010]). Contrary to petitioner's assertion, we find nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Abreu v Bezio*, 78 AD3d 1341, 1342 [2010]; *Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]), and the disposition included an adequate statement of evidence relied upon (*see* 7 NYCRR 254.7 [a] [5]). Petitioner's challenge to the timeliness of the hearing has not been preserved for our review due to his failure to raise it at the hearing (*see Matter of Taylor v Fischer*, 80 AD3d 1037, 1037 [2011]; *Matter of Rosario v Goord*, 25 AD3d 841, 842 [2006]). Therefore, the determination must be confirmed.

Spain, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.