In the Matter of MITCHELL KALWASINSKI, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. (And Another Related Proceeding.) [929 NYS2d 511]—

While correction officers were closing petitioner's cell door, he turned and spit, hitting an officer in the left side of his face, and he warned that every time the officer opened the gate, he would "get it." As a result, petitioner was served with a misbehavior report charging him with making threats and committing an unhygienic act. Following a tier III disciplinary hearing, he was found guilty of both charges. That determination was administratively affirmed, following which petitioner commenced a CPLR article 78 proceeding.

Following a separate tier III disciplinary hearing, petitioner was found guilty of making threats and creating a disturbance after he threatened to spit on and sexually assault a correction officer and ignored orders to stop yelling. That determination was also affirmed on administrative appeal, after which petitioner commenced a second CPLR article 78 proceeding, which was joined with the first.

We confirm. With regard to both misbehavior reports, the reports themselves, along with the hearing testimony, supporting documentation and videotapes of the incidents, provide substantial evidence to support the determinations of guilt (*see Matter of Abreu v Fischer*, 83 AD3d 1348, 1348 [2011]; *Matter of Callender v Selsky*, 41 AD3d 1065, 1065-1066 [2007]). Petitioner's denial that the first incident occurred and his assertion that the misbehavior reports were in retaliation for grievances he had filed raised credibility issues for the hearing officer to resolve (*see Matter of Cody v Fischer*, 84 AD3d 1651, 1651 [2011]; *Matter of Vaello v Connolly*, 84 AD3d 1624, 1625 [2011]).

Turning to petitioner's procedural contentions, his claim that he was denied the right to call a witness and introduce documentary evidence in the first hearing is unpreserved for our review due to his failure to make such requests, or raise any objections, during the hearing (*see Matter of Barclay v Knowles*, 79 AD3d 1550, 1551 [2010]; *Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]). Finally, we find the determinations of guilt flowed from the evidence presented, rather than any alleged hearing officer bias (*see Matter of Weems v Fischer*, 82 AD3d 1454, 1456 [2011]).

We have examined petitioner's remaining contentions and have found them to be either unpreserved or without merit.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.