In the Matter of Marceline Lopez, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [937 NYS2d 451]—

We confirm. Initially, inasmuch as petitioner pleaded guilty to the unauthorized medication charge, he is precluded from chal-

lenging the determination of guilt with respect thereto (*see Matter of Cruz v Walsh*, 87 AD3d 1234, 1234 [2011]). As to the remaining charges, the misbehavior reports, supporting documentation and hearing testimony, including petitioner's admissions, provide substantial evidence to support the finding of guilt (*see Matter of Cole v New York State Dept. of Correctional Servs.*, 87 AD3d 1243, 1243 [2011]; *Matter of Lamere v Fischer*, 87 AD3d 768, 768 [2011]). "A reasonable inference of possession arises from the fact that the weapon was found in an area within petitioner's control" (*Matter of Hamilton v Fischer*, 84 AD3d 1614 [2011] [citations omitted]), even though his access was not exclusive (*see Matter of Rogers v Bezio*, 67 AD3d 1100, 1101 [2009]). Petitioner's contention that the charges were in retaliation for grievances he had filed presented a credibility issue to be resolved by the Hearing Officer (*see Matter of White v Fischer*, 87 AD3d 1249, 1250 [2011]; *Matter of Kalwasinski v Fischer*, 87 AD3d 1187, 1188 [2011]). Finally, a review of the record demonstrates that the finding of guilt was based upon the evidence adduced, rather than any alleged hearing officer bias (*see Matter of Hardy v Smith*, 87 AD3d 779, 780 [2011]). Petitioner's remaining contentions are unpreserved for this Court's review.

Peters, J.P., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.