In the Matter of JALAAL PEOPLES, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [937 NYS2d 641]—

We confirm. The misbehavior report, positive test results and testimony of the correction officer who performed the tests provide substantial evidence to support the determination of guilt (*see Matter of Moss v Prack*, 87 AD3d 1255, 1255-1256 [2011]; *Matter of Polite v Fischer*, 87 AD3d 1212, 1212 [2011]). We reject petitioner's claim that he was improperly denied the right to call a doctor or pharmacist as a witness inasmuch as he did not make such a request until after the disposition was rendered (*see Matter of Reid v Fischer*, 78 AD3d 1400, 1401 [2010]; *Matter of Cooper v Goord*, 284 AD2d 844, 845 [2001]). Petitioner's contention that the EMIT drug test, standing alone, was insufficient to substantiate the presence of drugs in his urine is unpreserved by his failure to raise it during the hearing (*see Matter of Kalwasinski v Fischer*, 87 AD3d 1187, 1188 [2011]; *Matter of Daniel v Fischer*, 86 AD3d 892, 893 [2011]).

Rose, J.P., Lahtinen, Spain, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.