█ In the Matter of CARLOS TOSTE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [943 NYS2d 693]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer heard a disturbance and headed to the television room where he observed petitioner on top of another inmate striking him with his hand in an up and down manner that suggested that he had a weapon. After the two were separated and petitioner was leaving the room, the officer noticed petitioner toss an object into a nearby cube. The object, which turned out to be a cutting-type weapon, was recovered from the nearby cube with remnants of blood and skin, and the other inmate sustained injuries consistent with being struck by this object. As a result of this incident, petitioner was charged in a misbehavior report with fighting, assaulting another inmate, creating a disturbance and possessing a weapon. Following a tier III disciplinary hearing, he was found guilty of all

charges. The charge of fighting was dismissed on administrative appeal, but the remainder of the determination was upheld. This CPLR article 78 proceeding ensued.

We confirm. Petitioner's plea of guilty to the charge of creating a disturbance precludes him from challenging the sufficiency of the evidence supporting this charge (*see Matter of Cruz v Walsh*, 87 AD3d 1234, 1234 [2011]; *Matter of Correnti v Fischer*, 83 AD3d 1354, 1354 [2011]). As for the remaining charges, the misbehavior report, together with the testimony of its author and the documentary evidence, provide substantial evidence supporting the determination of guilt (*see Matter of Daughtry v Bezio*, 84 AD3d 1623, 1624 [2011], *lv denied* 17 NY3d 709 [2011]; *Matter of Cruz v Goord*, 41 AD3d 1122, 1122-1123 [2007]). Contrary to petitioner's claim, there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Smith v Fischer*, 87 AD3d 1198, 1199 [2011]; *Matter of Coleman v Fischer*, 87 AD3d 778, 779 [2011]). Petitioner's remaining contentions, including his challenge to the sufficiency of the misbehavior report, have not been preserved for our review.

Peters, P.J., Lahtinen, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.