Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
During a routine pat frisk, a package containing a green leafy substance was retrieved by correction officers after it fell from the front pocket of petitioner’s pants. Petitioner struggled with the correction officers who were conducting the pat frisk, refused orders to stop resisting and attempted to strike the officers. Other officers responded to the scene and a physical altercation ensued during which petitioner obtained one officer’s baton and began hitting another officer with it until he was eventually subdued and placed in mechanical restraints. A test of the substance taken from petitioner revealed that it was marihuana. As a result of the foregoing, petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct, refusing a direct order, using a weapon and possessing a controlled substance. He was found guilty of the charges following a tier III disciplinary hearing and the deter *1578 mination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, related documentation, testimony of the many correction officers involved in the incident and petitioner’s admission to possessing marihuana provide substantial evidence supporting the determination of guilt (see Matter of Mance v Prack, 89 AD3d 1363 [2011]; Matter of Owens v Fischer, 75 AD3d 1020, 1021 [2010]). To the extent that petitioner gave contrary testimony and maintained that he was assaulted by correction officers, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Davis v Prack, 90 AD3d 1447, 1448 [2011]; Matter of Argentieri v Fischer, 87 AD3d 1242, 1242 [2011]). Furthermore, given the gravity of petitioner’s conduct, we do not find that the penalty is so disproportionate to the offense as to be shocking to one’s sense of fairness (see Matter of Phipps v Fischer, 82 AD3d 1396, 1397 [2011]; Matter of Abreu v Bezio, 78 AD3d 1341, 1342 [2010]).
Rose, J.E, Malone Jr., Kavanagh, Garry and Egan Jr. JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.