■ In the Matter of MELVIN KIMBROUGH, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [947 NYS2d 208]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While monitoring the inmate recreation yard, a correction officer observed petitioner pass a piece of paper to another inmate that the inmate then read to petitioner and three other inmates. The officer recovered the piece of paper and discovered that it contained gang-related references. As a result, petitioner was

---

charged in a misbehavior report with engaging in gang-related activities, participating in an unauthorized exchange and engaging in unauthorized organizational activities. Following a tier III disciplinary hearing, he was found guilty of the first two charges, but not the last. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the piece of paper recovered and the testimony of the correction officers called as witnesses at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Santana v Fischer, 78 AD3d 1364, 1364 [2010]; Matter of Umoja v Bezio, 64 AD3d 1066 [2009]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Alicea v Fischer, 89 AD3d 1245, 1246 [2011], lv denied 18 NY3d 807 [2012]; Matter of Reid v Fischer, 78 AD3d 1400, 1400 [2010]). Moreover, we find no merit to petitioner's claim that he was denied adequate employee assistance given that neither the documents nor the videotape petitioner requested existed (see Matter of Mitchell v Bezio, 69 AD3d 1281, 1282 [2010]; Matter of Harrison v Votraw, 56 AD3d 868 [2008]). Furthermore, insofar as the inmate petitioner wished his assistant to interview testified at the hearing, petitioner has not demonstrated that he was prejudiced by the assistant's omission (see Matter of Davis v Prack, 58 AD3d 977, 977 [2009]). Petitioner's claim that the misbehavior report was deficient is also unavailing inasmuch as it contained sufficient details of the incident to enable petitioner to prepare an adequate defense (see Matter of Ortiz v Fischer, 91 AD3d 1006, 1006 [2012]; Matter of Umoja v Bezio, 64 AD3d at 1066). We have considered petitioner's remaining contentions and find them either unpreserved for our review or lacking in merit.

Peters, P.J., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.