In the Matter of JESSIE J. BARNES, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [955 NYS2d 447]—

Shortly after the above incident, petitioner was observed repeatedly flushing the toilet in his cell until it flooded and again using profane and threatening language toward correction officers who were nearby. He was charged in a second

misbehavior report with engaging in harassment, making threats, flooding his cell and committing an unhygienic act. Following a tier III disciplinary hearing, he was found guilty of these charges as well and this determination was also upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging both disciplinary determinations.*

With regard to the first disciplinary determination, petitioner contends that he was improperly denied the right to present evidence of grievances he filed against the officer who wrote the misbehavior report, since the report was allegedly written in retaliation for filing the grievances. We find no error in the Hearing Officer's denial of such evidence, however, as it was redundant to the testimony establishing that petitioner had, in fact, filed grievances against the officer (*see Matter of Gomez v Fischer*, 74 AD3d 1399, 1400 [2010], *lv dismissed* 15 NY3d 858 [2010]; *Matter of Williams v Goord*, 31 AD3d 1086, 1087 [2006]). Moreover, whether the author of the misbehavior report acted in retaliation presented a credibility issue for the Hearing Officer to resolve (*see Matter of White v Fischer*, 95 AD3d 1582, 1583 [2012]; *Matter of Lopez v Fischer*, 91 AD3d 1223, 1224 [2012]). Although petitioner further contends that this Hearing Officer was biased, there is nothing to indicate that this was so or that bias was the basis for the determination (*see Matter of Toste v Fischer*, 95 AD3d 1511, 1512 [2012]; *Matter of Hamilton v Prack*, 95 AD3d 1512, 1513 [2012]).

With regard to the second disciplinary determination, petitioner asserts that the Hearing Officer improperly removed him from the hearing. We find this claim to be unpersuasive. The record reveals that petitioner refused to enter a plea of either guilty or not guilty to the charges despite the Hearing Officer's repeated requests that he do so. Notwithstanding the Hearing Officer's efforts, petitioner persisted in objecting to the hearing and became obstructive. He was removed as a result, the Hearing Officer entered a not guilty plea on his behalf and conducted the hearing in his absence. Under the circumstances, the Hearing Officer took the appropriate action (*see Matter of Bunting v Fischer*, 85 AD3d 1473, 1474 [2011], *lv denied* 17 NY3d 712 [2011]; *Matter of Odom v Fischer*, 65 AD3d 1425, 1426 [2009]; *see also Matter of Beyah v Leonardo*, 182 AD2d 868 [1992]). Petitioner's remaining arguments, to the extent they

---

* Insofar as the petition arguably raises a question of substantial evidence, the proceeding was properly transferred to this Court, but petitioner has abandoned that issue by not raising it in his brief (*see Matter of Alvarez v Fischer*, 94 AD3d 1404, 1405 [2012], *lv denied* 96 AD3d 1703 [2012]; *Matter of McDonald v Fischer*, 93 AD3d 969, 969 n [2012]).

are properly before us, have been considered and found to be unavailing.

Rose, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

