■ In the Matter of AMIN BOOKER, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [958 NYS2d 239]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with smuggling, possession of drugs, possession of a weapon and failing to comply with facility visitation guidelines after an investigation revealed that he solicited an acquaintance to brings drugs into the correctional facility where he was incarcerated during a visit. Following a tier III disciplinary hearing, petitioner was found guilty of smuggling and possession of drugs and not guilty of the other charges. This determination was upheld on administrative review and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and supporting documentation, which indicated that the acquaintance brought heroin and marihuana into the facility, the transcripts of petitioner's telephone conversations and the testimony of the author of the misbehavior report, a narcotics investigator who testified that the transcripts contained coded words for contraband, provide substantial evidence supporting the determination of guilt (*see Matter of Randall v Fischer*, 94 AD3d 1302, 1302 [2012]; *Matter of Cognata v Fischer*, 85 AD3d 1456, 1457 [2011]). To the extent that petitioner argues that he did not actually possess the drugs at issue, this "does not negate petitioner's guilt, as [the] violation of [the relevant] rules occurred when petitioner solicited and conspired with another to bring the drugs into the facility" (*Matter of Brown v Fischer*, 98 AD3d 778, 779 [2012]). Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to give him notice of the charges to enable him to prepare a defense (*see Matter of Kimbrough v Fischer*, 96 AD3d 1256, 1257 [2012]; *Ross v Prack*, 95 AD3d 1579, 1580 [2012]). Finally, we reject petitioner's contention that he received inadequate employee assistance, as petitioner was provided certain documents he requested or they were read into the record by the Hearing Officer. In any event, petitioner has not demonstrated that he was prejudiced by any alleged deficiencies (*see Matter of Vines v Goord*, 19 AD3d 951, 953 [2005]; *Matter of Smith v Selsky*, 294 AD2d 629, 630 [2002]). Petitioner's remaining contentions are either unpreserved for our review or have been examined and found to be lacking in merit.

Peters, P.J., Rose, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.