that the determination is confirmed, without costs, and petition dismissed.

██ In the Matter of EDWARD MCDUFFY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [966 NYS2d 701]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Correction officials received information from a confidential source that petitioner had tried to make sexual advances toward him. As a result, petitioner was charged in a misbehavior report with attempting to engage in sexual acts. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see *Matter of Elliott v Fischer*, 94 AD3d 1326, 1327 [2012]; *Matter of Wilson v Fischer*, 58 AD3d 997, 998 [2009]). Petitioner was not entitled to disclosure of the confidential information (see *Matter of Brooks v Fischer*, 92 AD3d 987, 988 [2012]; *Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]). Insofar as the misbehavior report failed to set forth precise times and dates of the sexual acts, "greater detail may not always be possible if it is necessary to keep the information confidential" (*Matter of Martin v Coughlin*, 173 AD2d 1039, 1040 [1991]). Moreover, although the Hearing Officer did not personally interview the confidential informant, he adequately confirmed the informant's credibility through questioning the correction official who spoke with this person (see *Matter of Elliott v Fischer*, 94 AD3d at 1327; *Matter of Rivera v Artus*, 82 AD3d 1431 [2011]) and by the corroborating evidence contained in the confidential memoranda. Petitioner's remaining contentions have not been preserved for our review.

Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

██ In the Matter of MICHAEL WATT, Petitioner, v D. VENET- TOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [966 NYS2d 702]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with attempted assault, violent conduct and refusing a frisk. Following a tier III disciplinary hearing, he was found guilty of violent conduct and refusing a frisk. The penalty was modified upon administrative review, but the determination was otherwise upheld, prompting petitioner to commence this CPLR article 78 proceeding, which was transferred to this Court.

The misbehavior report and related documentation, together with the testimony of correction officers involved in the incident, constitute substantial evidence supporting the determination that during a random pat frisk by a correction officer, petitioner berated the officer with a racial slur and attempted to kick him (*see Matter of Williams v Fischer*, 102 AD3d 1044, 1044 [2013]; *Matter of Moreno v Fischer*, 100 AD3d 1167, 1167 [2012]). Petitioner's conflicting version of events created a credibility question for the Hearing Officer to resolve (*see Matter of Williams v Fischer*, 102 AD3d at 1044). The record reflects that petitioner received adequate employee assistance (*see Matter of Booker v Fischer*, 102 AD3d 1045, 1045 [2013]). Petitioner's remaining contentions have been considered and found to lack merit.

Peters, P.J., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.