■ In the Matter of MICHEL TOLIVER, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents. [968 NYS2d 653]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with disobeying a direct order and harassing staff. According to the report, petitioner refused the correction officer's order to exit his cell for a shower and, later that day, began to verbally harass that officer while being escorted to the day room to use the telephone. After petitioner stopped walking and refused to use the telephone, he was escorted back to this cell. Following a tier II disciplinary hearing, petitioner was found guilty of the harassment charge and a penalty of, among other things, 30 days of keeplock, loss of packages and loss of commissary—all of which were suspended for 30 days and deferred 90 days—was imposed. After the determination was upheld on administrative appeal, this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, combined with, among other things, the testimony of the correction officer who authored it, provide substantial evidence supporting the determination (*see Matter of Jones v Fischer*, 101 AD3d 1197, 1198 [2012]). Notably, petitioner's claim that the misbehavior report was written in retaliation for grievances he had filed created a credibility issue for the Hearing Officer to resolve (*see Matter of Barnes v Prack*, 101 AD3d 1277, 1278 [2012]).

Petitioner's remaining contentions, including any challenge to the propriety of the penalty imposed (*see Matter of Toliver v Commissioner of Corr. & Community Supervision*, 104 AD3d 981, 982 [2013]), have been examined and found to be unpersuasive.

Rose, J.P., Spain, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.