Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Before conducting a pat frisk on petitioner, a correction officer asked him if he had any contraband on him. After petitioner denied having any contraband, the officer found a broken piece of a mirror taped to the bottom of petitioner’s foot. He was thereafter charged in a misbehavior report with possessing a weapon and making a false statement. Following a tier III disciplinary hearing, he was found guilty of both charges. That determination was upheld upon administrative review, prompting this CPLR article 78 proceeding.
We confirm. The misbehavior report, related documentation, including a photograph of the broken piece of mirror, and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Harvey v Fischer, 94 AD3d 1303, 1303 [2012]; Matter of Bosquet v Bezio, 69 AD3d 1257, 1257 [2010]). Contrary to petitioner’s contention, inasmuch as the misbehavior report set forth the rule violations and the conduct that provided the basis for the charges, the report was sufficiently detailed to provide him with notice of the charges to enable him to prepare a defense (see Matter of Booker v Fischer, *1274 102 AD3d 1045, 1046 [2013]; Matter of Williams v Fischer, 93 AD3d 1051, 1052 [2012]). Petitioner’s contention that the broken piece of mirror was not a weapon, but was used only as a way to see around the corner of his cell, did not preclude a finding that it was a dangerous weapon, as the prohibition of the possession of such an item is not limited by the inmate’s intent (see Matter of Fuentes v Fischer, 56 AD3d 919, 920 [2008]; Matter of Tinnirello v Selsky, 51 AD3d 1238, 1239 [2008]). Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Barnes v Prack, 101 AD3d 1277, 1278 [2012]; Matter of Toste v Fischer, 95 AD3d 1511, 1512 [2012]). Petitioner’s remaining arguments have been considered and found to be unavailing.
Rose, J.P., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.