# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1326**
**CA 13-00229**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ANTHONY AMAKER,
PETITIONER-APPELLANT,

V                                             MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.), entered September 6, 2012 in a CPLR article 78
proceeding. The judgment, inter alia, denied the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination that he violated three inmate
rules. Contrary to petitioner's contention, the record does not
establish that the Hearing Officer was biased or that the
determination flowed from the alleged bias (*see Matter of Rodriguez v
Herbert*, 270 AD2d 889, 890). Also contrary to petitioner's
contention, the Hearing Officer did not improperly deny petitioner his
right to call the superintendent of the facility or the pharmacist as
witnesses inasmuch as the subject of their proposed testimony was
irrelevant to the proceedings (*see Matter of Lewis v Lape*, 90 AD3d
1259, 1260, *lv denied* 18 NY3d 809). Finally, petitioner's contention
that he should have been able to admit Directive 4910 in evidence
because the search was improper is not properly before us, inasmuch as
he failed to exhaust his administrative remedies with respect to that
contention (*see Matter of Kearney v Village of Cold Spring Zoning Bd.
of Appeals*, 83 AD3d 711, 713), and we conclude that the Hearing
Officer did not act improperly in removing petitioner from the hearing
(*see Matter of Barnes v Prack*, 101 AD3d 1277, 1278).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court