■ In the Matter of DANIEL KARLIN, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [58 NYS3d 737]—

Lynch, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Based upon a suspicion that petitioner might be in posses-

sion of contraband, correction officials conducted a search of his cell. During the search, they recovered a number of items including, among other things, a heavy duty needle attached to a cardboard handle, office supplies, baking dishes, dry goods, medicines and an altered fan. As a result, petitioner was charged in a misbehavior report with possessing a weapon, possessing stolen property, possessing unauthorized medication, engaging in an unauthorized exchange and possessing an altered item. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Initially, the detailed misbehavior report and related documentation, together with the admissions made by petitioner therein and during the hearing and the other testimony adduced at the hearing, provide substantial evidence supporting that part of the determination finding petitioner guilty of engaging in an unauthorized exchange, possessing a weapon, possessing stolen property and possessing an altered item (see Matter of Afrika v Blackman, 149 AD3d 1369, 1370 [2017]; Matter of Sealey v Bezio, 95 AD3d 1577, 1578 [2012]; Matter of Lopez v Fischer, 91 AD3d 1223, 1224 [2012]). Although petitioner now claims that the weapon was merely a means to store a sewing needle, this explanation was not provided to the Hearing Officer. Moreover, an inmate's explanation as to the innocuous use of such an item will not preclude a finding that it is a dangerous weapon (see Matter of Walker v Fischer, 107 AD3d 1273, 1274 [2013]).

The record, however, does not contain substantial evidence establishing that petitioner possessed unauthorized medication.* Accordingly, that part of the determination finding him guilty of this charge must be annulled. Moreover, inasmuch as a loss of good time was imposed as part of the penalty, the matter must be remitted to respondent for a redetermination of the penalty on the other violations (see Matter of Davis v Annucci, 140 AD3d 1432, 1433 [2016], appeal dismissed 28 NY3d 1109 [2016]; Matter of Ferril v Annucci, 134 AD3d 1264, 1265 [2015]).

---

* Notably, respondent concedes that substantial evidence does not support that part of the determination finding petitioner guilty of possessing unauthorized medication insofar as it is based upon his possession of certain pills. Although respondent asserts that this charge is independently supported by petitioner's possession of cough syrup, the evidence at the hearing was limited to petitioner's unauthorized exchange of the cough syrup pursuant to rule 113.15 (see 7 NYCRR 270.2 [B] [14] [v]). There was no evidence submitted with regard to whether possession of the cough syrup was unauthorized.

We reject petitioner's challenge to the assignment of his employee assistant and adequacy of the assistance provided. Generally, "the right to assistance is a right of constitutional dimension and the failure to provide assistance is a violation of 7 NYCRR 251-4.2" (*Matter of Rivera v Prack*, 122 AD3d 1226, 1227 [2014] [internal quotation marks and citation omitted]). Here, the record includes a tier assistance form signed by petitioner indicating that he selected five individuals and that he "understood that his [t]ier assistant will be the first available person of the" five individuals. One of the five selected individuals was assigned to assist petitioner. The record also includes an assistant form signed by petitioner detailing the witnesses and materials that he requested prior to the hearing. Notwithstanding the aforementioned documents, petitioner claimed at the hearing that he did not select the assistant that was assigned to him. He did not otherwise object or challenge the assistance that was provided. In contrast, the record indicates that he accepted the assistance that was provided without objection and he has not demonstrated that the assistance was inadequate or that he was prejudiced in any way (*see Matter of White v Selsky*, 3 AD3d 762, 763 [2004]; *Matter of Rodriguez v Goord*, 250 AD2d 905, 905 [1998]).

We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

McCarthy, J.P., Garry, Rose and Devine, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing unauthorized medication and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.