Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 During a search of petitioner’s cell, a correction officer found a cylindrical wooden instrument approximately six inches long with a hook on one end and a pointed tip on the other. The instrument was identified as a crochet hook that petitioner admittedly made sharper on one end. Due to his possession of this instrument, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, related documentation, photographs, testimony of the correction officer who recovered the instrument and petitioner’s admission to possessing and sharpening it provide substantial evidence supporting the determination of guilt (see Matter of Karlin v Annucci, 152 AD3d 913, 914 [2017]; Matter of Sealey v Bezio, 95 AD3d 1577, 1578 [2012]). Although petitioner maintains that the instrument was an ordinary crochet hook and not a weapon, the description and photographs revealed that it had a sharpened end and provided a sufficient basis for the Hearing Officer to conclude that it was a weapon within the meaning of rule 113.10 (see 7 NYCRR 270.2 [B] [14] [i Matter of Karlin v Annucci, 152 AD3d at 914; Matter of Freeman v Annucci, 151 AD3d 1509, 1510-1511 [2017]). Petitioner’s claim that the misbehavior report was written in retaliation for prior grievances that he had filed presented a credibility issue for the Hearing Officer to resolve (see Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [2016]; Matter of Lopez v Fischer, 91 AD3d 1223, 1224 [2012]). Moreover, although petitioner asserts that the Hearing Officer should not have presided over the hearing because he had filed a grievance against her, the record does not reveal that he requested her recusal. In any event, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Medina v Prack, 144 AD3d 1273, 1274 [2016]; Matter of Partee v Bezio, 67 AD3d 1224, 1225 [2009], lv denied 14 NY3d 702 [2010]). We have considered petitioner’s remaining contentions and find them to be lacking in merit.
 

 Peters, P.J., Garry, Rose, Mulvey and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.