Matter of McDonald v Annucci (2018 NY Slip Op 01698)





Matter of McDonald v Annucci


2018 NY Slip Op 01698


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525458

[*1]In the Matter of REGINALD McDONALD, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Clark, Aarons and Rumsey, JJ.


Reginald McDonald, Stormville, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Cahill, J.), entered May 12, 2017 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with lewd conduct, obstructing visibility, refusing a direct order and violent conduct. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's subsequent administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination. Supreme Court dismissed petitioner's application, and petitioner now
appeals.[FN1]
The detailed misbehavior reports and the testimony of their authors constitute substantial evidence to support the determination of guilt (see Matter of Tigner v Annucci, 147 AD3d 1138, 1139 [2017]; Matter of Lashway v Fischer, 110 AD3d 1420, 1420 [2013]; Matter of Fero v Prack, 110 AD3d 1128, 1128 [2013]). Petitioner's stated explanation — that he was just washing up and never intended to expose himself to the female correction officer — and his related denial that he engaged in either lewd or violent behavior presented a credibility issue for the Hearing Officer to resolve (see Matter of Lopez v Annucci, 146 AD3d 1262, 1263 [2017]; Matter of Coleman v Fischer, 87 AD3d 778, 779 [2011]), as did his assertion that the misbehavior reports were fabricated in order to retaliate against him (see Matter of Sital v Fischer, 72 AD3d 1306, 1307 [2010], lv dismissed 15 NY3d 823 [2010]). Finally, the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Malave v Bedard, 153 AD3d 1536, 1536 [2017]; Matter of Angarita v Annucci, 153 AD3d 1535, 1535 [2017]). Accordingly, the judgment is affirmed.
Garry, P.J., McCarthy, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Inasmuch as the petition raised a question of substantial evidence, Supreme Court should have transferred this proceeding to this Court in the first instance. Nonetheless, we will treat this matter as if it had been properly transferred and will decide the issues de novo (see Matter of Staton v Goord, 41 AD3d 1105, 1105 n [2007]).