Matter of Stuart v Annucci (2018 NY Slip Op 08591)





Matter of Stuart v Annucci


2018 NY Slip Op 08591


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

525907

[*1]In the Matter of DANE STUART, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 26, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Dane Stuart, Auburn, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was removed from his cell to attend a meeting with the Deputy Superintendent of Security to discuss concerns that he had for his safety following him filing a complaint against a correction officer. During the meeting, petitioner told the Deputy Superintendent that he had a can lid in his cell. The Deputy Superintendent, in turn, sent petitioner to the special housing unit and directed that his cell be searched. The correction officer who conducted the search discovered a folded can lid on the top shelf of petitioner's locker. As a result, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
Contrary to petitioner's claim, the misbehavior report, related documentation, hearing testimony and petitioner's admission to possessing the can lid provide substantial evidence supporting the determination of guilt (see Matter of Angarita v Annucci, 153 AD3d 1535, 1535 [2017]; Matter of Sealey v Bezio, 95 AD3d 1577, 1578 [2012]). Regardless of petitioner's representation that he intended to only use the can lid to cut vegetables, it could, by its "description, use or appearance," be considered a weapon (7 NYCRR 270.2 [B] [14] [i]; see Matter of Fuentes v Fischer, 56 AD3d 919, 920 [2008]; Matter of Tinnirello v Selsky, 51 AD3d 1238, 1239 [2008]). Petitioner further asserts that the Hearing Officer mistakenly referenced a certain inmate's testimony as part of the evidence relied upon supporting the determination of guilt when this inmate did not, in fact, testify. Respondent concedes, and the record confirms, that this was error. However, petitioner sought this inmate's testimony to establish that petitioner [*2]was not present during the cell search and the Hearing Officer accepted petitioner's representation in this regard, thus rendering the inmate's testimony redundant (see Matter of Elias v Fischer, 118 AD3d 1193, 1194 [2014]; Matter of Barnes v Prack, 92 AD3d 990, 991 [2012]). In view of this, and given the considerable evidence supporting the determination at issue, the error was harmless (see Matter of Davis v Fischer, 51 AD3d 1301, 1302 [2008]). We have considered petitioner's remaining contentions, including his challenges to the cell search and prehearing placement in the special housing unit, and find them to be unavailing.
McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.