■ In the Matter of JOHN VENTO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [840 NYS2d 172]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Upon noticing that the top of a locker in petitioner's cubicle was askew, a correction officer removed it and discovered three jars concealed inside, each of which contained a fermenting liquid determined to be a homemade alcoholic beverage. As a result, petitioner was charged in a misbehavior report with misusing state property and manufacturing/possessing an alcoholic beverage. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Notwithstanding the fact that other inmates had access to the locker in petitioner's cubicle, a reasonable inference of possession arises by virtue of the fact that the alcohol was found in an area within petitioner's control (*see Matter of Costner v Goord*, 31 AD3d 1082, 1083 [2006]; *Matter of Cummings v Goord*, 10 AD3d 748, 749 [2004]). This, together with the misbehavior report and documentary evidence, provide substantial evidence supporting the determination of guilt (*see Matter of Nieves v Goord*, 2 AD3d 1173, 1174 [2003]). Petition-

er's claim that the alcohol was not his but had been placed there by another inmate presented a credibility issue for the Hearing Officer to resolve (*see Matter of Diaz v Goord*, 26 AD3d 561, 562 [2006]). Therefore, we find no reason to disturb respondent's determination.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.