■ In the Matter of JACK SWEET, Petitioner, v THOMAS M. POOLE, as Superintendent of Five Points Correctional Facility, et al., Respondents. [850 NYS2d 721]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was seen leaving a letter, promoting a takeover of the facility and threatening harm to the correction officers, on a window sill in a certain corridor of the facility. A search of his cell was thereafter conducted, resulting in the recovery of, among other things, a carbon copy of the subject letter, homemade alcohol and a lock inside a sock with a knot tied at one end. Petitioner was ultimately found guilty following a tier III disciplinary hearing of rioting, demonstration, making threats, alcohol possession and weapon possession. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Substantial evidence consisting of the detailed misbehavior report, related documentation and testimony adduced at the hearing, including the confidential information considered by the Hearing Officer in camera, supports the determination of guilt (see *Matter of Serrano v Goord*, 266 AD2d 661, 661 [1999], *lv denied* 94 NY2d 762 [2000]). Petitioner's denial of the allegations and insistence that certain items found in his cell were not his created credibility issues for resolution

by the Hearing Officer (*see Matter of Callender v Selsky*, 41 AD3d 1065, 1066 [2007]). As for petitioner's assertion that he cannot be guilty of possessing the items because other inmates had access to his cell, a reasonable inference of possession arises by virtue of the items having been recovered from an area within his control (*see Matter of Vento v Goord*, 41 AD3d 1123, 1123 [2007]). Contrary to petitioner's argument, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any purported bias (*see Matter of Lewis v Goord*, 43 AD3d 1259, 1259 [2007]). We have examined petitioner's remaining contentions, including his claim that the hearing was untimely, and, to the extent preserved, find them to be unpersuasive.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.