■ In the Matter of CLIFTON HODGES, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [895 NYS2d 888]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

While conducting a facility count on December 11, 2007, a correction officer observed petitioner with his hand inside the front of his pants stroking his groin area. The incident led to a confrontation and petitioner was subsequently charged in a misbehavior report with engaging in lewd conduct and refusing

to obey a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of the former charge but not guilty of the latter. The guilty determination was administratively affirmed and this CPLR article 78 proceeding ensued.

We confirm. Petitioner's assertion that he was tucking in his shirt presented a credibility determination for the Hearing Officer to resolve (see Matter of James v Poole, 52 AD3d 1083, 1084 [2008], lv denied 11 NY3d 710 [2008]). In that regard, the author of the misbehavior report testified that she witnessed petitioner with his hand fully inserted into the front of his pants, that he was sexually aroused and that his shirt was tucked in. A second correction officer, called as a witness by petitioner, stated that he saw petitioner pulling his hand out of his pants. Such testimony and the eyewitness misbehavior report constitute substantial evidence of petitioner's guilt (see Matter of James v Fischer, 58 AD3d 981 [2009]; Matter of LaFontant v Fischer, 51 AD3d 1347, 1347 [2008]).

To the extent preserved, petitioner's remaining contentions, including that he was denied a fair hearing and that the misbehavior report was insufficiently detailed to afford him the opportunity to prepare a defense, have been reviewed and are determined to be without merit. Accordingly, we discern no basis upon which to disturb the determination.

Cardona, P.J., Spain, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.