■ In the Matter of REGINALD SWINTON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [918 NYS2d 745]—

While female food service workers were making rounds to serve breakfast to inmates in the cellblock, petitioner stood in front of his cell with his gym shorts pulled above his waist and his genitals exposed. As a result, he was charged in a misbehavior report with engaging in lewd conduct and interfering with an employee. Following a tier III disciplinary hearing, he was found guilty of the charges. On administrative appeal, the charge of interfering with an employee was dismissed, but the remaining charge was upheld. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of one of the food service workers who witnessed petitioner's conduct, provide substantial evidence supporting the determination finding petitioner guilty of engaging in lewd conduct (*see Matter of Domond v Fischer*, 55 AD3d 1199, 1199 [2008]; *Matter of Rojas v Selsky*, 55 AD3d 1189 [2008]). Petitioner's testimony that he appropriately dressed and did not intentionally expose his genitals created a credibility issue for the Hearing Officer to resolve (*see Matter of Rivera v McGinnis*, 290 AD2d 800, 800-801 [2002], *lv denied* 98 NY2d 601 [2002]; *Matter of McMillian v Selsky*, 268 AD2d 936 [2000]). Therefore, we find no reason to disturb the determination at issue.

Peters, J.P., Lahtinen, Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.