■ In the Matter of WILFREDO GONZALEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [940 NYS2d 495]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

When a female correction officer approached petitioner's cell early in the morning after calling the count, she observed petitioner standing facing the cell door with his penis in his hand. As a result, petitioner was charged in a misbehavior report with engaging in lewd conduct. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author, provide substantial evidence supporting the determination of guilt (*see Matter of Dallio v Fischer*, 68 AD3d 1380 [2009]; *Matter of Gaines v Fischer*, 67 AD3d 1080, 1081 [2009]). Petitioner's defense that he did not hear the count called due to his hearing impairment and was merely drying himself after urinating presented a credibility issue for the Hearing Officer to resolve (*see Matter of Darshan v Bango*, 83 AD3d 1302 [2011]; *Matter of Swinton v Fischer*, 82 AD3d 1440 [2011]). Lastly, upon reviewing the record, we find no merit to petitioner's claim that he was denied a fair and impartial hearing or that the determination flowed from any alleged bias on the part of the Hearing Officer (*see Matter of McGowan v Fischer*, 88 AD3d 1038, 1039 [2011]; *Matter of Al-Matin v Brown*, 86 AD3d 902, 902-903 [2011]).

Mercure, A.P.J., Rose, Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.