■ In the Matter of JAIBER ALBORNOZ-SINISTERRA, Petitioner, v JOSEPH SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [944 NYS2d 803]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

While a female correction officer was conducting a standing count of inmates, she observed petitioner standing naked in his cell facing her. Although he had a sheet covering the cell bars to

the height of the feed up tray, his genitals were clearly visible and he did not attempt to cover them. When the officer instructed petitioner to put on shorts, he argued with her. As a result of this incident, petitioner was charged in a misbehavior report with engaging in lewd conduct, harassing an employee and failing to comply with count procedures. Following a tier III disciplinary hearing, he was found guilty of the charges. On administrative appeal, the charge of failing to comply with count procedures was dismissed, but the remaining charges were upheld with a modified penalty. This CPLR article 78 proceeding ensued.

The misbehavior report, together with the testimony of the correction officer who prepared it, the testimony of another correction officer who responded to the scene, and petitioner's admission to being naked, provide substantial evidence supporting the determination of guilt (*see Matter of Abreu v Bezio*, 78 AD3d 1341, 1342 [2010]; *Matter of Pena v Selsky*, 53 AD3d 938, 938-939 [2008]). Petitioner's claim that he did not intentionally expose himself to the female officer presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lynch v Fischer*, 76 AD3d 734, 735 [2010]; *Matter of Hodges v Fischer*, 71 AD3d 1295, 1296 [2010]). Moreover, while petitioner further complains that the rule violations set forth in the misbehavior report were inaccurate, a correction officer who reviewed the disciplinary packet prior to the hearing testified that he remedied this clerical error by making the proper notations on the misbehavior report. In view of this, and given that the misbehavior report gave petitioner adequate notice of the charges to enable him to prepare a defense (*see Matter of Richardson v Coombe*, 231 AD2d 789, 790 [1996]), the determination is confirmed.

Rose, J.P., Lahtinen, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.