In the Matter of JUNIOR COLLINS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [971 NYS2d 370]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two misbehavior reports for incidents that occurred on May 10, 2012. One report charged petitioner with engaging in lewd conduct after he masturbated in front of a facility nurse. The other report charged him with refusing a direct order and failing to comply with urinalysis testing procedures as the result of his failure to provide a urine sample for testing. After a tier III disciplinary hearing, petitioner was found guilty as charged in both reports and this determination was upheld on administrative review, with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm that part of the determination finding petitioner guilty of lewd conduct, as the misbehavior report, together with the testimony of its author, provide substantial evidence supporting the determination of guilt (see Matter of Albornoz-Sinisterra v Smith, 95 AD3d 1581, 1582 [2012]; Matter of Gonzalez v Fischer, 93 AD3d 1049, 1049 [2012], lv denied 19 NY3d 806 [2012]). Petitioner's claim that he was rubbing his stomach and not masturbating presented a credibility issue for the Hearing Officer to resolve (see Matter of Gonzalez v Fischer, 93 AD3d at 1049; Matter of LaFontant v Fischer, 51 AD3d 1347, 1347 [2008]), and we find no merit to his claims that he was subject to hearing officer bias or that he was otherwise denied a fair hearing as it related to this charge.

However, we conclude that the charges relating to petitioner's failure to provide a urine sample must be annulled. At the hearing, petitioner alleged that he suffers from a medical condition that prevented him from providing a urine sample. To support that defense, petitioner requested, among other things, access to his medical records, but was not provided with such records. In this regard, the Hearing Officer relied upon the testimony of

a facility physician and nurse, both of whom confirmed that petitioner's urinary condition was documented in his file and that petitioner had been prescribed medication for that condition. Nonetheless, the nurse testified that, according to his medical records, petitioner had not refilled his prescription since December 2011—six months prior to the hearing—suggesting that, inasmuch as he had stopped taking his medication, the condition must have been inactive at the time he refused to provide a urine sample. The Hearing Officer relied heavily upon this testimony in reaching the conclusion that petitioner's medical condition did not render him unable to provide a urine sample. However, documentation submitted by petitioner herein indicates that a prescription refill for the medication related to his urinary condition was written less than two months prior to the hearing, contradicting the nurse's testimony.* Inasmuch as we cannot ascertain whether this documentation was available to the nurse as part of petitioner's medical records at the time she testified or whether it was overlooked, and considering that this documentation could have been relevant to petitioner's defense, we find that the determination of guilt as to the charges of refusing a direct order and failing to comply with urinalysis testing procedures must be annulled (*see Matter of Bermudez v Fischer*, 106 AD3d 1295, 1295 [2013]). Because the determination is otherwise supported by substantial evidence, the proper remedy is remittal for a new hearing on these charges (*see Matter of Caldwell v Rock*, 93 AD3d 1048, 1048 [2012]; *Matter of Cooks v Prack*, 87 AD3d 1199, 1200 [2011]). Petitioner's remaining contentions have been examined and are either without merit or have been rendered academic by this decision.

Peters, P.J., Stein, McCarthy and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order and failing to comply with urinalysis testing procedures; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

---

* Petitioner ultimately obtained his medical records pursuant to a Freedom of Information Law request.