■ In the Matter of HENRY FULMORE, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [983 NYS2d 748]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

After an incident in which petitioner, a prison inmate, ignored several direct orders by a correction officer to step out of the way and then intentionally bumped the officer while walking past him, he was charged in a misbehavior report with multiple disciplinary infractions. Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, interfering with an employee and making threats. That determination was administratively affirmed, prompting this CPLR article 78 proceeding.

Initially, respondent concedes that the part of the determination finding petitioner guilty of making threats is not supported by substantial evidence, and the determination must be annulled to that extent. Nonetheless, as no loss of good time was recommended and petitioner has served the penalty, the matter need not be remitted for a redetermination of the penalty (see Matter of Rivera v Fischer, 110 AD3d 1277, 1278 [2013]; Matter of Pulecio v Fischer, 109 AD3d 1068, 1069 [2013], lv denied 22 NY3d 858 [2014]). With regard to the remaining charges, the misbehavior report and testimony of the correction officer who authored the report provide the requisite substantial evidence to support the determination of guilt (see Matter of Collins v Fischer, 109 AD3d 1040, 1040 [2013]; Matter of Phelps v Fischer, 108 AD3d 1003, 1003-1004 [2013], appeal dismissed 22 NY3d 1046 [2014]). Petitioner's claims that the charges were fabricated and that the officer's testimony was inherently unbelievable raised credibility questions for the Hearing Officer to resolve (see Abrams v Fischer, 109 AD3d 1030, 1031 [2013]; Matter of Suero v Fischer, 95 AD3d 1509, 1509-1510 [2012]).

Turning to petitioner's procedural contentions, we find that he was not prejudiced by his assistant's failure to interview the requested employee witnesses inasmuch as those witnesses testified at the hearing or he withdrew his request (see Matter of Kimbrough v Fischer, 96 AD3d 1256, 1257 [2012]; Matter of Sierra v Dubray, 58 AD3d 970, 970 [2009]). Nor was petitioner deprived of his right to call witnesses or present documentary evidence inasmuch as he responded in the negative when asked at the hearing if he had either to present (see Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]; Matter of Cornwall v Fischer, 74 AD3d 1507, 1509 [2010]). Petitioner's remaining contentions are without merit.

Peters, P.J., McCarthy, Rose and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.