■ In the Matter of VINCENT ELIAS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [987 NYS2d 517]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with soliciting, harassment and stalking after he mailed a letter to the college program site coordinator requesting various magazine articles of a sexual nature. Following a tier III disciplinary hearing, he was found guilty of all charges and that determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

Initially, respondent concedes and we agree that the record is insufficient to sustain the finding of guilt with respect to the solicitation charge and, therefore, the determination must be annulled to that extent. However, because the penalty imposed has already been served and there has been no recommended loss of good time, the matter need not be remitted for a redetermination of the penalty (*see Matter of Fulmore v Prack*, 116 AD3d 1281, 1282 [2014]; *Matter of Nieves v Venettozzi*, 102 AD3d 1027, 1027 [2013], *lv denied* 21 NY3d 852 [2013]).

With regard to the remaining charges, the misbehavior report, the letter and article request form, and the testimony—including petitioner's admissions—provide substantial evidence to support the determination of guilt (*see Matter of Greene v Fischer*, 107 AD3d 1271, 1271 [2013]; *Matter of Marhone v LaValley*, 107 AD3d 1186, 1187 [2013]). Notably, petitioner admitted to sending the letter and the form, confirmed that the materials requested were not related to his academic program and stated that he understood why the site coordinator would probably be offended by the nature of his request.

Turning to petitioner's contention that he was improperly denied various witnesses, the proposed inmate witnesses were properly denied as redundant inasmuch as the Hearing Officer accepted as true petitioner's assertion that the site coordinator allowed certain correspondence and requests for articles (*see Matter of White v State of New York*, 102 AD3d 1042, 1043 [2013]; *Matter of Barnes v Prack*, 92 AD3d 990, 991 [2012]). Further, the prison employee, who had no knowledge of the incident, was properly denied as a character witness (*see Matter of Fero v Prack*, 110 AD3d 1128, 1128 [2013]; *Matter of Flournoy v Bezio*, 84 AD3d 1636, 1637 [2011]). Finally, we reject petitioner's contention that he was denied the right to call the site coordinator as a witness, where the record demonstrates that the Hearing Officer made reasonable and substantial efforts to contact her and she failed to respond and informed the facility's education coordinator that she did not wish to testify (*see Matter of Davila v Prack*, 113 AD3d 978, 979 [2014], *lv denied* 23 NY3d 904 [2014]; *Matter of Smythe v Fischer*, 101 AD3d 1280, 1281 [2012], *lv denied* 20 NY3d 861 [2013]).

Petitioner's remaining contentions have been considered and are unavailing.

Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of solicitation; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.