*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                518443
_____

In the Matter of DONALD
    ROBINSON,
                      Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                      Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Donald Robinson, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Sullivan County)
to review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Upon the discovery of various items during a search of his
prison cell, which included tobacco that had been received in a
package by another inmate, petitioner was charged in a
misbehavior report with smuggling, unauthorized exchange,
possession of an altered item, possession in an unauthorized
area, possession of contraband and providing unauthorized legal
assistance.  Subsequently, based upon an interview with another
inmate who alleged that he had performed oral sex on petitioner
in exchange for protection and food, petitioner was charged in a

second misbehavior report with engaging in a sexual act and unauthorized exchange. During a tier III disciplinary hearing addressing both misbehavior reports, petitioner pleaded guilty to all of the charges in the first report except providing unauthorized legal assistance. At the conclusion of the hearing, he was found guilty of the remaining charges and that determination was affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.

With respect to the first misbehavior report, petitioner is precluded from challenging the finding of guilt with respect to those charges to which he pleaded guilty (see Matter of Flemming v Rock, 112 AD3d 1259, 1260 [2013], lv denied 22 NY3d 863 [2014]). Further he has abandoned any challenge to the finding of guilt with respect to providing unauthorized legal assistance by his failure to advance such in his brief (see Matter of Harding v Prack, 118 AD3d 1231, 1232 [2014]).

Turning to the second misbehavior report, respondent concedes, and we agree, that the part of the determination finding petitioner guilty of unauthorized exchange is not supported by the record and, therefore, the determination must be annulled to that extent. However, petitioner has served the penalty and no loss of good time was recommended and, therefore, the matter need not be remitted (see Matter of Fulmore v Prack, 116 AD3d 1281, 1282 [2014]; Matter of Page v Lee, 116 AD3d 1275, 1275 [2014]). However, with regard to the charge of engaging in a sexual act, the detailed misbehavior report itself along with the supporting documentation provide substantial evidence to support the determination of guilt. Petitioner failed to preserve his procedural objections, namely, that the misbehavior report was deficient and that he was denied the right to call a witness, by his failure to raise these issues at the hearing (see Matter of Amato v Fischer, 115 AD3d 1100, 1101 [2014]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]).

Stein, J.P., Garry, Rose, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of unauthorized exchange; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court