*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    519876
_____

In the Matter of WAYNE
    COOPERIDER,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  March 31, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        Wayne Cooperider, Cape Vincent, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding
challenging a determination finding him guilty of possession of
alcohol and possession of contraband.  The charges stemmed from a
search of petitioner's cube that revealed two containers of
homemade alcohol.  Although other inmates had access to the area
where the containers were found, a reasonable inference of
possession arises where, as here, the area where the contraband
was discovered is within petitioner's control (see Matter of
Velez v Prack, 122 AD3d 1041, 1041-1042 [2014]; Matter of Sweet v

Poole, 48 AD3d 867, 868 [2008]).  This inference, together with the misbehavior report and petitioner's testimony at the hearing, provide substantial evidence to support the determination of guilt (see Matter of Starling v New York State Dept. of Corr. & Community Supervision, 123 AD3d 1195, 1196 [2014]; Matter of Sweet v Poole, 48 AD3d at 868; Matter of Vento v Goord, 41 AD3d 1123, 1123 [2007]).  Furthermore, petitioner's contention that he was denied the right to call witnesses is not preserved for our review given his failure to object at the hearing (see Matter of Robinson v Annucci, 122 AD3d 981, 982 [2014]).  In any event, his request for character witnesses was properly denied (see Matter of Elias v Fischer, 118 AD3d 1193, 1194 [2014]).

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court