*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 28, 2016           521429
_____

In the Matter of ROBERT
   WILSON,
                   Appellant,

     v                              MEMORANDUM AND ORDER

BRIAN FISCHER, as Commissioner
   of Corrections and
   Community Supervision,
                 Respondent.
_____

Calendar Date: June 6, 2016

Before: Peters, P.J., McCarthy, Egan Jr., Devine and Mulvey, JJ.

_____

     Robert Wilson, Romulus, appellant pro se.

     Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

_____

     Appeal from a judgment of the Supreme Court (Ceresia Jr., J.), entered October 23, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

     During the course of an investigation, correction officials discovered that petitioner had utilized the prison telephone system in a conspiracy to smuggle marihuana into the correctional facility. The conspiracy involved having a correction officer obtain the marihuana from petitioner's wife and bring it into the facility. As a result, petitioner was charged in a misbehavior report with smuggling, conspiring to possess drugs and violating a facility telephone directive. He was found guilty of the

charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal with a modified penalty.  Petitioner then commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition.  This appeal ensued.

Petitioner's primary contention is that he was improperly denied the right to have the correction officer who was allegedly part of the conspiracy testify at the hearing.  The record discloses that the Hearing Officer made a number of attempts to contact this officer by telephone and, when the officer called back during the confidential portion of the hearing, the officer indicated that he would not testify.  The Hearing Officer thereafter advised petitioner that the officer was a suspended employee who had refused to testify, and petitioner responded "alright" and signed a witness refusal form.  Significantly, petitioner did not object to the officer's refusal to testify or request that the Hearing Officer conduct a further inquiry into such refusal at the hearing.  In view of this, his claim has not been preserved for our review (see Matter of Cooperider v Annucci, 128 AD3d 1266, 1266 [2015]; Matter of Rafi v Venettozzi, 120 AD3d 1481, 1482 [2014]).  Petitioner's remaining argument has also not been preserved by appropriate objection.

Peters, P.J., McCarthy, Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court