Matter of Ellis v Department of Corr. & Community Supervision (2019 NY Slip Op 06050)





Matter of Ellis v Department of Corr. & Community Supervision


2019 NY Slip Op 06050


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

528660

[*1]In the Matter of GREGORY ELLIS, Petitioner,
v
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: June 21, 2019

Before: Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Gregory Ellis, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with engaging in lewd conduct. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty of the charge and a penalty was imposed. That determination was affirmed upon petitioner's administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. The detailed misbehavior report and the testimony of its author provide substantial evidence to support the finding that petitioner engaged in lewd conduct (see Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [2018]; Matter of Terrence v Annucci, 134 AD3d 1339, 1340 [2015]; Matter of Lashway v Fischer, 110 AD3d 1420, 1420 [2013]). Petitioner's contrary testimony, wherein he asserted that he was simply sitting on his bunk in his shorts reading a book when the female correction officer arrived at his cell to conduct the evening count, presented a credibility determination for the Hearing Officer to resolve (see e.g. Matter of McDonald v Annucci, 159 AD3d at 1217; Matter of Collins v Fischer, 109 AD3d 1040, 1040 [2013], lv dismissed 23 NY3d 954 [2014]; Matter of Albornoz-Sinisterra v Smith, 95 AD3d 1581, 1582 [2012]), and petitioner's inmate witness, who stated that petitioner was clothed shortly before the evening count began, admittedly could not observe petitioner once he was locked in his cell and the evening count commenced. Although respondent concedes that the Hearing Officer incorrectly found that the correction officer announced "female on the floor" when she began the evening count, respondent also is correct in noting that this discrepancy is of no moment, as the disciplinary rule prohibiting lewd conduct is not gender dependent (see 7 NYCRR 270.2 [B] [2] [iii]). Petitioner's remaining arguments, including his assertion that the Hearing Officer improperly obtained an extension to complete the hearing, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.