Matter of Dillon v Annucci (2021 NY Slip Op 04406)





Matter of Dillon v Annucci


2021 NY Slip Op 04406


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

532326
[*1]In the Matter of Chauncey Dillon, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.

Chauncey Dillon, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with lewd conduct and refusing a direct order. According to the misbehavior report, when a female correction officer — whose presence on the cell block had previously been announced — arrived at petitioner's cell while conducting routine rounds, petitioner was standing in his cell naked, exposing his genitals to her. Petitioner was found guilty of both charges following a tier III disciplinary hearing. That determination was modified upon administrative appeal by dismissing the charge of refusing a direct order, but affirmed with respect to lewd conduct. This CPLR article 78 proceeding ensued.
The misbehavior report and the hearing testimony from both its author and petitioner provide substantial evidence to support the determination of guilt (see Matter of Ellis v Department of Corr. & Community Supervision, 175 AD3d 791, 791-792 [2019]; Matter of Albornoz-Sinisterra v Smith, 95 AD3d 1581, 1582 [2012]; Matter of Gonzalez v Fischer, 93 AD3d 1049, 1049 [2012], lv denied 19 NY3d 806 [2012]), notwithstanding that petitioner made no comment to or gesture toward the correction officer (see 7 NYCRR 270.2 [B] [2] [iii]). Petitioner's contention that he did not intentionally expose himself to the correction officer presented a credibility issue for the Hearing Officer to resolve (see Matter of Albornoz-Sinisterra v Smith, 95 AD3d at 1582; Matter of Swinton v Fischer, 82 AD3d 1440, 1440 [2011]).
Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.