Matter of Abdur-Rahman v Lilley (2022 NY Slip Op 06204)

Matter of Abdur-Rahman v Lilley

2022 NY Slip Op 06204

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534466
[*1]In the Matter of Faruq Abdur-Rahman, Petitioner,
v
Lynn Lilley, as Superintendent of Eastern Correctional Facility, Respondent.

Calendar Date:October 7, 2022

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ.

Faruq Abdur-Rahman, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with being out of place after he did not report for work at his assigned program in the mess hall. Following a tier II disciplinary hearing, petitioner was found guilty of that charge, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report and the testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Cowart v Burnett, 159 AD3d 1253, 1253 [3d Dept 2018]; Matter of Marino v Racette, 144 AD3d 1277, 1277-1278 [3d Dept 2016], lv dismissed 29 NY3d 1025 [2017]). Petitioner's exculpatory testimony that he believed his work squad had the day off based upon a posted rotation schedule presented a credibility issue for the Hearing Officer to resolve (see Matter of Govia v New York State Dept. of Corr. & Community Supervision, 171 AD3d 1323, 1324 [3d Dept 2019]).
Neither petitioner's contention that he was not personally informed that the rotation schedule was inapplicable to his work squad nor his assertion that the posting of the rotation schedule sign was not authorized is preserved as he did not raise them during the hearing when they could have been addressed (see Matter of McDay v Annucci, 156 AD3d 1082, 1083 [3d Dept 2017]; Matter of Dolan v Goord, 11 AD3d 849, 849 [3d Dept 2004]). Also unpreserved is petitioner's contention that the Hearing Officer was biased, as it was not raised on his administrative appeal (see Matter of Jones v Annucci, 206 AD3d 1397, 1398 [3d Dept 2022]; Matter of Urena v Keyser, 197 AD3d 1452, 1452 [3d Dept 2021]). Were we to reach that issue, we would find nothing in the record — including the Hearing Officer's questioning of witnesses — to indicate that the Hearing Officer was biased, that the hearing was conducted in an unfair manner or that the determination flowed from any alleged bias (see Matter of Harrison v Venettozzi, 177 AD3d 1071, 1071 [3d Dept 2019], lv denied 35 NY3d 901 [2020]; Matter of Torres v Annucci, 144 AD3d 1289, 1290 [3d Dept 2016]).
Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.