Matter of Stewart v Collado (2023 NY Slip Op 01560)

Matter of Stewart v Collado

2023 NY Slip Op 01560

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

535251 
[*1]In the Matter of Wayne Stewart, Petitioner,
v
Jaifa Collado, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.

Calendar Date:February 21, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Wayne Stewart, Beacon, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
According to a misbehavior report charging petitioner with lewd conduct, disobeying a direct order and harassment, petitioner, who was in the shower, was observed by a female console officer trying to make eye contact with her as his upper torso was moving up and down in a manner consistent with masturbating. The misbehavior report further alleged that petitioner had been previously counseled about gawking at female console officers while in the shower. Following a tier II disciplinary hearing, petitioner was found guilty of lewd conduct and disobeying a direct order but not guilty of harassment. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Dillon v Annucci, 196 AD3d 957, 958 [3d Dept 2021]; Matter of Coleman v Fischer, 87 AD3d 778, 779 [3d Dept 2011]; see also 7 NYCRR 270.2 [B] [2] [iii]). To the extent that petitioner denied engaging in lewd conduct, this created a credibility issue for the Hearing Officer to resolve (see Matter of Dillon v Annucci, 196 AD3d at 958; Matter of Ellis v Department of Corr. & Community Supervision, 175 AD3d 791, 792 [3d Dept 2019]). Petitioner's contention that the Hearing Officer was biased was not raised on administrative appeal and, therefore, is not preserved for our review (see Matter of Abdur-Rahman v Lilley, 210 AD3d 1163, 1163 [3d Dept 2022]). Were we to consider such issue, we would find it to be without merit, as the record reflects that the determination of guilt was based upon the evidence presented at the hearing and not any alleged bias on the part of the Hearing Officer (see Matter of Santos v Annucci, 209 AD3d 1084, 1086 [3d Dept 2022]; Matter of Fero v Prack, 110 AD3d 1128, 1129 [3d Dept 2013]).
Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.